**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR 21-071-WES-PAS |
| | : | |
| JASON HATCHER, | : | **UNDER SEAL** |
| | : | |
| BRYAN VALDEZ-ESPINOSA, | : | |
| | : | |
| DIEGO A. ALARCON, | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S NOTICE OF INTENT

The United States hereby serves notice upon the Defendants of its intention, pursuant to Fed. R. Evid. 803(6)(A)-(D) and 902(11) to introduce business records during the upcoming July, 2022 trial. Pursuant to Rule 12(d) of the Fed. R. Crim. P. the Government also seeks a pretrial ruling from the Court regarding the admissibility of said records.

## STATEMENT OF FACTS

The United States Attorney's Office and the United States Department of Homeland Security Investigations (HSI) began a federal criminal investigation on June 12, 2021, after being notified by the Warwick and Cranston Police Departments that officers from each department had arrested men who were the process of retrieving cash from elderly victims who had been duped into believing their relatives had been arrested and needed money for legal expenses. HSI coordinated with the Rhode Island State Fusion Center, and the Warwick and Cranston Police Detective Bureaus to

ascertain if other local police departments had received similar complaints. That effort resulted in the discovery of a total of fourteen instances involving elderly victims being defrauded occurring throughout Rhode Island between June 8 and June 11, 2021. On July 9, 2021, the initial investigative findings were presented to a grand jury that returned an indictment charging Jason Hatcher and Bryan Valdez-Espinosa with Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349, and Aggravated Identity theft, 18 U.S.C. § 1028A(a)(1).

Investigators continued to collect evidence that included car and hotel rental records and cellular telephone call detail records. Investigators continued to interview victims and eventually presented additional findings to the grand jury. On October 13, 2021, the grand jury returned a superseding indictment that charged Jason Hatcher, Bryan Valdez-Espinosa, and Diego A. Alarcon with Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349, and Aggravated Identity Theft, 18 U.S.C. § 1028A. In due course each defendant was arrested and arraigned before this Court. The Government has provided discovery and anticipates the matter proceeding to trial.

At the upcoming trial the Government intends to introduce business and public records during the presentation of its case-in-chief and intends to do so using the sworn certifications provided by the various custodians of records. Fed. R. Evid. 902(1),(11), and 803,(6) and (8). These records include:

Cox Communications (401) 349-2405
Cox Communications (401) 658-1268
Cox Communications (401) 822-2059
Cox Communications (401) 944-4839

Cox Communications (401) 781-2925

Cox Communications (401) 822-1504

Cox Communications (401) 295-0742

Cox Communications (401) 246-7814

Verizon New England (401) 300-9385

Verizon New England (401) 450-6782

Verizon New England (401) 942-6780

Verizon New England (401) 942-2612

New York DMV Records KLP4485

PV Holdings d/b/a Budget Rental

Priceline Records Felisha Arimont (Kia Soul)

TextNow (401) 281-5772

TextNow (401) 281-5610

TextNow (646) 809-0609

Money Gram Records (Holtman)

RIA money transfer (Holtman)

Western Union transfer (Holtman)

New Jersey DMV records A98NPD

Rental Records A98NPD Turo Company

Rental Records A98NPD

New Jersey DMV records Deigo Alarcon license

Vigilant Solutions license plate reader A98NPD

Event Links LPR results A98NPB

Harbor One Bank Records

Call Detail Records Rogers Communication (250) 609-8037

Call Detail Records Rogers Communication (604) 902-1259

Event Links LPR results G26NMY NJ registration

Vigilant Solutions license plate reader G26NMY

Call Detail Records T-Mobile (201) 921-0488 (Valdez)

Call Detail Records TracFone (914)346-4882

Call Detail Records T-Mobile (347) 685-0610

Call Detail Records T-Mobile (239) 667-3999

Call Detail Records T-Mobile (201) 948-7736 (Alarcon)

Ramada Inn Seekonk, MA lodging records

Graduate Hotel Providence, RI lodging records

Expedia Booking records (Hatcher)

Bank of America signature card/address Valdez-Espinosa

**ISSUE**

Fed. R. Evid. 803(6)(A)-(D), Records of a Regularly Conducted Activity, provides in pertinent part:

> "The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness…[a] record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by-or from information transmitted by-someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all of these conditions are shown by the testimony of the custodian or another qualified witness, **or by certification that complies with Rule 902(11)**…"

Fed. R. Evid. 803(6) (emphasis added)

Fed. R. Evid. 902(11) provides for the admission of business records if accompanied by a written declaration of a custodian of records certifying that the records were (1) made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (2) was kept in the course of the regularly conducted activity; and (3) was made by the regularly conducted activity as a regular practice. See Fed. R. Evid. 902(11). To admit business records pursuant to a certificate, the party seeking admission must provide

written notice in advance of trial to the adverse party to provide the party with an opportunity to challenge the authenticity of the records. See id.

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Confrontation Clause bars the admission of "testimonial statements of witnesses absent from trial." 541 U.S. at 59. Two years later in Davis v. Washington, 547 U.S. 813 (2006), the Court held that Crawford's prohibition "applies only to testimonial hearsay." 547 U.S. at 823-824.

"The Supreme Court has yet to supply a comprehensive definition of testimonial." U.S. v. Cameron, 699 F.3d 621, 639 (1st Cir.2012). Certain types of statements by their nature (however) are not testimonial- for example business records. Id. Relying on Crawford, the First Circuit has held in a number of cases that business records are admissible absent confrontation. Id. (*cites omitted*). "Documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status, except 'if the regularly conducted business activity is the production of evidence for use at trial.'" Id. at 640 *quoting* Bullcoming v. New Mexico, 131 S.Ct. at 2720 (Sotomayor, J. concurring).

In Cahoon v. Shelton, the First Circuit definitively held that business records produced in the regularity of the business procedures are admissible when the authors are known and the context of the creation of the records is known. Cahoon v. Shelton, No. 07-008 ML, 2009 U.S. Dist. LEXIS 58589, 1-23, 16-17(D.R.I. June 18, 2009). Business records produced by employees for the purpose of complying with required business

procedures supply sufficient information to allow them to be deemed non-testimonial and fall under the business records exemption. Id.

"[Business records] are non-testimonial because they are created for the 'administration of the entity's affairs' rather than to establish or prove some fact at trial." Fulgiam v. Kenneway, 364 F. Supp. 3d 93, 98 (D. Mass. 2019). The records in question here were obtained because they already existed at the time the subpoena was served. The entity did not have to create documents to satisfy the subpoena, the records already existed. The records to be introduced were created by the businesses in question for the sole purpose of maintaining their own "administration of affairs."

"To rank as 'testimonial,' a statement must have a 'primary purpose' of 'establishing or proving past events potentially relevant to later criminal prosecution'". Id. None of the business records the Government seeks to introduce were created by the entities to prove events relevant to this criminal prosecution. Indeed, all of these records are records created by the entities to carry out their "core business purpose" and are completely unrelated to any litigation related function.

A number of courts have held business records of the type the Government seeks to introduce to be non-testimonial. United States v. Yeley-Davis, 632 F.3d 673, 677-681 (10th Cir. 2011) (holding that neither cell phone records nor their authenticating documents were testimonial); United States v. Ali, 616 F.3d 745, 751-752 (8th Cir. 2010) (holding that bank records regarding taxpayer refund anticipation checks were not testimonial).

A number of courts have held that the admission of business records pursuant to the written declaration of the records custodian was proper because a certificate of authenticity is non-testimonial for purposes of the Sixth Amendment. See United States v. Ellis, 460 F.3d 920, 927 (7th Cir. 2006) ("[W]e hold that the written certification entered into evidence pursuant to Rule 902(11) is non-testimonial just as the underlying business records are."); see also United States v. Adefehinti, 510 F.3d 319, 328 (D.C. Cir. 2007).

In light of the precedent in and around the issue, the Government contends that both the records and the certificates in question meet the requirements of Fed. R. Evid. 902(11) and the admission of the records is proper. The certificates of authenticity in and of themselves are not probative evidence against the Defendant. Rather, the certificates are mere reflections of the state of the businesses' records prior to litigation. Accordingly, the Government respectfully requests that the Court allow the government to introduce the business records pursuant to the certificates of the records custodians.

Respectfully submitted,

UNITED STATES OF AMERICA

ZACHARY A. CUNHA
UNITED STATES ATTORNEY

/s/William J. Ferland
WILLIAM J. FERLAND
Assistant United States Attorney
Office of the United States Attorney
50 Kennedy Plaza 8th floor
Providence, RI 02903

**CERTIFICATION**

I, William J. Ferland, hereby certify that a copy of the Government's Memorandum of Law in Support of its Notice of Intent, was served upon counsel of record on the 27th day of April 2022 via the United States District Court's ECF system.

/s/William J. Ferland
WILLIAM J. FERLAND
Assistant United States Attorney
Office of the United States Attorney
50 Kennedy Plaza 8th floor
Providence, RI 02903
William.ferland@usdoj.gov
(401) 709-5000